(824 P.2d 1001)

No. 66,634

RUSSELL BENNETT, *Appellant*, v. WICHITA FENCE COMPANY, TRAVELERS INSURANCE COMPANY, and THE KANSAS WORKERS COMPENSATION FUND, *Appellees*.

Opinion filed January 24, 1992.

*Gregory G. Lower*, of Cassell & Lower, of Wichita, for appellant.

*Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, for appellees Wichita Fence Company and Travelers Insurance Company.

*Cortland Q. Clotfelter*, of Joseph, Robison & Anderson, P.A., of Wichita, for appellee Kansas Workers Compensation Fund.

Before BRISCOE, C.J., ELLIOTT and LARSON, JJ.

ELLIOTT, J.: Russell Bennett appeals a district court judgment denying his claim for workers compensation against his employer, Wichita Fence Company.

We reverse and remand.

The facts are essentially undisputed. Bennett was sent by his employer, in a company vehicle, to make a delivery. On the

return trip, Bennett suffered an epileptic seizure, blacked out, and hit a tree. Wichita Fence was aware of Bennett's condition, having filed a "notice of handicapped employee" with the workers compensation director.

In the initial compensation hearing, the only disputed issue here pertinent was whether the injuries arose out of Bennett's employment. The administrative law judge answered in the affirmative, awarding Bennett temporary total disability benefits, and assessed the entire award against the Fund.

On review, the director ruled Bennett had failed to sustain his burden to establish the injury had arisen out of the employment. On further review, the district court affirmed the director's order, adopting the director's findings of fact and law contained in the director's order.

There is no dispute that the accident occurred and that injuries were sustained in the course of Bennett's employment. The sole question is whether the injury, following an epileptic seizure, arose out of Bennett's employment with Wichita Fence. See K.S.A. 1991 Supp. 44-501(a).

To arise "out of" employment requires some causal connection between the accidental injury and the employment. *Springston v. IML Freight, Inc.*, 10 Kan. App. 2d 501, 502, 704 P.2d 394, *rev. denied* 238 Kan. 878 (1985). Whether an injury arises out of the worker's employment depends on the facts peculiar to the particular case. 10 Kan. App. 2d at 502.

The director and the district court relied on *Cox v. Refining Co.*, 108 Kan. 320, 195 Pac. 863 (1921). There, claimant, a ditch digger, left the ditch to get a drink of water. A short distance from the ditch (while on level ground), he suffered an epileptic seizure, blacked out, and fell on some hot pipes. 108 Kan. at 321. The claimant was denied compensation because the accident/injury did not arise out of his employment. 108 Kan. at 327.

But 70 years ago in *Cox*, our Supreme Court cited a Massachusetts case where compensation was allowed when an employee, while driving a wagon, had a seizure and fell from the wagon, fracturing his skull. Massachusetts allowed compensation. The *Cox* court noted the Massachusetts case was not wrongly decided, due to the increased risk to which the worker was

exposed owing to the position in which he had to work. 108 Kan. at 325.

In 1921, our Supreme Court in *Cox* recognized and predicted what would become the generally accepted rule: Where an employment injury is clearly attributable to a personal (idiopathic) condition of the employee, and no other factors intervene or operate to cause or contribute to the injury, no award is granted. *Southland Corp. v. Parson*, 1 Va. App. 281, 285-86, 338 S.E.2d 162 (1985). But where an injury results from the concurrence of some preexisting idiopathic condition *and* some hazard of employment, compensation is generally allowed. *Southland Corp.*, 1 Va. App. at 286.

Professor Larson now states there is general agreement that the effects of a fall are compensable if conditions of employment place the employee in a position increasing the effects of a fall, such as in a moving vehicle. 1 Larson's Workers' Compensation Law § 12.11 (1990).

Assuming claimant had a seizure and lost consciousness, the fact he was driving the employer's vehicle in the course of his employment subjected him to the additional risk of travel. While the seizure was personal to claimant, the risk of travel arose out of the employment and the two concurred to produce the injuries. *Aetna Finance Co. v. Bourgoin*, 252 Miss. 852, 860-61, 174 So. 2d 495 (1965).

Accord *Ramsdell v. Horn*, 781 P.2d 150 (Colo. App. 1989) (fall during seizure; work on 25-foot scaffold constituted special employment hazard; compensation allowed); *Tapp v. Tapp*, 192 Tenn. 1, 236 S.W.2d 977 (1951) (compensation allowed for injuries from auto accident where claimant blacked out due to asthmatic coughing spell).

In the present case, conditions of Bennett's employment (driving the company vehicle), placed Bennett in a position of increased risk. This increased risk provided the necessary causal connection between his injury and his employment. The accident arose "out of" his employment.

Accordingly, compensation should have been allowed.

The issue of the Fund's liability was not addressed by the district court. At oral argument, the parties seemed to agree that if the injury is compensable, the Fund will bear all the liability.

On remand, this issue will either be stipulated to or decided by the trial court.

Reversed and remanded for further proceedings consistent with this opinion.