(900 P.2d 857)
No. 72,651

JAMES T. BAGGETT, *Claimant/Appellee*, v. B & G CONSTRUCTION, *Respondent/Appellant*, and COMMERCIAL UNION INSURANCE COMPANY, *Insurance Carrier/Appellant*.

—

Opinion filed May 19, 1995.

*Julie A. N. Sample* and *Kip A. Kubin*, of Payne & Jones, Chartered, of Overland Park, for appellant.

*Brian D. Pistotnik*, of Brian and Tamara Pistotnik, P.A., of Wichita, for appellee.

Before BRAZIL, P.J., LEWIS, J., and JAMES W. BOUSKA, District Judge, assigned.

BRAZIL, C.J.: B & G Construction (B & G) appeals the decision of the Workers Compensation Board (Board) that James T. Baggett's injury arose out of his employment. We affirm.

Baggett first sustained injury while working for B & G in November 1991. He injured his hands and back while helping a co-worker lift a gable truss. Baggett sought treatment and continued to work.

Baggett was injured again on December 6, 1991. He was at the job site estimating measurements for a flight of stairs when he was pushed from behind. A co-worker demanded the return of $3 Baggett had borrowed earlier. Baggett turned around to see who pushed him and backed up a few steps. Baggett fell about 12 feet into a hole that led into the basement, landing on a concrete floor. He sustained a serious head injury and a fractured clavicle. Baggett was in a coma for 12 days and remained in the hospital for several weeks.

The Special Administrative Law Judge (ALJ) held that the December 6, 1991, injury did not arise out of Baggett's employment because it resulted from an assault by a co-worker over a personal debt. Baggett appealed the decision. The Board reversed the decision of the ALJ, holding that the injury was compensable. B& G appeals.

B & G argues that the Board erred in holding that Baggett's injury arose out of his employment.

"The scope of review in a workers compensation appeal is that applicable in other civil cases. . . . An appellate court may substitute its judgment on questions of law, but on disputed issues of fact, the appellate court must view the evidence in the light most favorable to the prevailing party and determine whether there is substantial competent evidence to support the findings of the trial court." *Elder v. Arma Mobile Transit Co.*, 253 Kan. 824, 826-27, 861 P.2d 822 (1993).

An injury must arise out of and occur in the course of a worker's employment to be compensable under the Workers Compensation Act. K.S.A. 44-501(a). B & G does not dispute that Baggett's injury occurred in the course of his employment. B & G contends that the injury did not arise out of Baggett's employment because it resulted from an attack by another employee.

The Board disagreed, relying on *Bennett v. Wichita Fence Co.,* 16 Kan. App. 2d 458, 824 P.2d 1001, *rev. denied* 250 Kan. 804 (1992). In *Bennett,* an employee who suffered from epileptic seizures blacked out while driving a delivery truck for Wichita Fence. The truck hit a tree, injuring Bennett. The sole question on appeal was whether Bennett's injury arose out of his employment. 16 Kan. App. 2d at 459.

This court noted that to arise out of employment, the injury must have some causal connection to the employment. 16 Kan. App. 2d at 459. This court noted an early Kansas case which recognized the rule that when an injury is attributable to a personal condition of the employee, and no other factors contribute to the injury, the injury is not compensable. If the injury results, however, from the concurrence of a personal condition and an employment hazard, the injury is compensable. 16 Kan. App. 2d at 460.

The court concluded that the conditions of Bennett's employment, *i.e.,* driving the company vehicle, placed him at increased risk of injury. The court reasoned that the "increased risk provided the necessary causal connection between his injury and his employment," thus the injury arose out of his employment and was compensable. 16 Kan. App. 2d at 460.

B & G points out that *Bennett* did not involve an assault by a co-worker. B & G argues that the Board should have relied on cases involving assault by a co-worker, such as *Springston v. IML Freight, Inc.,* 10 Kan. App. 2d 501, 704 P.2d 394, *rev. denied* 238 Kan. 878 (1985). Springston argued with another employee about the employer's policy of priority among drivers. After the two were separated, Springston was struck from behind in the head by an unseen assailant, causing Springston serious injury. 10 Kan. App. 2d 501.

One issue on appeal was whether the injury arose out of Springston's employment. This court noted that an injury arises out of employment when it arises out of the "nature, conditions, obligations and incidents of the employment." 10 Kan. App. 2d 502. The court concluded that since there was evidence that the scuffle and the attendant injury arose out of a dispute over the conditions of the job, the finding of the district court that the injury arose out

of Springston's employment should be upheld. 10 Kan. App. 2d at 506-07.

B & G urges this court to follow *Springston*, then attempts to limit *Springston* to its facts, arguing that since the scuffle in this case did not arise out of a dispute regarding the job, the injury is not compensable. *Bennett* and *Springston* are not inconsistent approaches to the issue. Both cases speak of the necessity of a causal connection between the injury and the nature and conditions of employment. This court found the connection in both cases.

*Springston* focused on the cause of the assault and whether the cause was work-related. B & G urges this court to fashion from *Springston* a test which would require a causal connection between the *assault* and the employment, not the *injury* and the employment, as the statute suggests. See K.S.A. 44-501(a). The court in *Bennett*, however, looked at the injury and determined whether the injury itself was exacerbated by the employment conditions.

The case at hand is a unique blend of *Springston* and *Bennett*. Like Springston, Baggett was assaulted by a co-worker. Unlike the assault in *Springston*, this assault was clearly not precipitated by a work-related matter. However, like Bennett, Baggett's injury was partly the result of work-related circumstances. Bennett may not have crashed into a tree during an epileptic seizure had he not been working. Likewise, Baggett would not have sustained a serious head injury and broken clavicle during a pushing match had he not been on the job site, which contained an open hole. The concurrence of the assault and the employment hazard caused Baggett's injury; thus, it is compensable.

The Board did not err in applying *Bennett*. Further, there is substantial competent evidence to support the Board's conclusion that Baggett's injury arose out of his employment.

Affirmed.