COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

BURTON SWEET

v.   Record No. 0004-95-4                    MEMORANDUM OPINION*
                                                 PER CURIAM
KMART CORPORATION                               MAY 23, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (John J. Grimaldi, II; Rosenthal, Rich, Grimaldi &
               Guggenheim, on briefs), for appellant.

               (Susan A. Evans; Siciliano, Ellis, Dyer & Boccarosse,
               on brief), for appellee.


     Burton Sweet contends that the Workers' Compensation

Commission erred in finding that his fall at work on February 9,

1993 was caused by an idiopathic condition and did not arise out

of his employment with KMart Corporation ("KMart").  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     The claimant worked for KMart as a stock replenisher.  On

February 9, 1993, the claimant became dizzy and fatigued after

putting sixty-four ounce boxes of soap powder on the store's

shelves.  Because he felt as if he was going to faint, he moved

towards the endcap (a shelving unit at the end of an aisle used

to hold display merchandise) in an attempt to sit down.  As he

did so, he fell to the floor and bruised his head.  The claimant

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

did not remember the fall, but stated that his co-workers told him later that he had a seizure, fell, and lost consciousness. He also stated that, during the few days before February 9, 1993, he had suffered from flu-like symptoms.

Kiem Morton, a co-worker, witnessed the claimant's fall. She saw the claimant begin to sway and then fall to the floor, hitting the back of his head. Morton admitted that she was truthful in her witness statement given to KMart on February 15, 1993, when she reported that the claimant fell to the floor without hitting the shelf. Chris Stearns, another co-worker, reported in his witness statement that he saw the claimant "seize-up and then begin to fall." Stearns did not see the claimant's body fall into any shelves or merchandise. Kimberly Kirkland, employer's personnel and training manager, who was called to the scene, saw the claimant lying perpendicular to the endcap. Kirkland stated that the merchandise displayed on the endcap was not disturbed.

The claimant was diagnosed as suffering from a seizure disorder and given anti-convulsion medication. The claimant had suffered from a prior grand mal seizure in November 1992 during an abrupt withdrawal from the drug Halcion. He also had a past history of cervical problems, having undergone a cervical laminectomy in 1992.

On February 10, 1993, the claimant was treated by Dr. David L. Evans, an internist, who had been following the claimant for

2

various medical conditions, including his November 1992 seizure. Dr. Evans noted bruising to the claimant's head, right shoulder, and left ribs. Dr. Evans noted that the claimant remembered nothing about the February 9, 1993 fall, except that his vision began to blur. Dr. Evans diagnosed a grand mal seizure, which he believed was "probably [an] idiopathic disorder now that he's had a 2nd seizure." Subsequent MRIs of the claimant's head and cervical spine and an EEG revealed no abnormalities.

In his April 20, 1994 deposition, Dr. Evans testified that, on February 10, 1993, the claimant remembered nothing about the seizure, but reported that his co-workers told him that he hit his head on the floor when he fell. Dr. Evans attributed the claimant's head bruising to his movements during the seizure. Dr. Evans stated that the flu can sometimes make patients with a history of seizures more susceptible to recurrences. Dr. Evans also believed that the claimant's fall exacerbated his preexisting cervical condition. Dr. Evans testified that the trauma suffered by the claimant when he hit his head on the floor could have caused the seizure. However, Dr. Evans stated that, as of October 25, 1993, he had not come to any conclusion as to the basis for the claimant's seizure disorder.

On appellate review, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). To recover benefits, the claimant must establish that he suffered an

injury by accident "arising out of and in the course of his employment," Code § 65.2-101, and "that the conditions of the workplace or that some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

An idiopathic fall is "an accidental injury caused by a preexisting personal disease of the employee." Southland Corp. v. Parson, 1 Va. App. 281, 283, 338 S.E.2d 162, 163 (1985). "When an employee's injuries result from an idiopathic condition and no other factors intervene or operate to cause or contribute to the injuries sustained as a result of the idiopathic condition, no award shall be made." Virginia Dept. of Transp. v. Mosebrook, 13 Va. App. 536, 538, 413 S.E.2d 350, 351-52 (1992) (citation omitted). In other words, "'the effects of [an idiopathic] fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle.'" Southland Corp., 1 Va. App. at 284-85, 338 S.E.2d at 164 (citation omitted).

"Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305.

4

However, unless we conclude that the claimant proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied the claimant's application, finding that he sustained an idiopathic fall and that the evidence did not prove that his employment added to the risk of his injuries. The commission found that, "Dr. Evans attributed the injuries to 'flopping around' associated with the seizure. Striking the floor during an idiopathic fall, standing alone, is not an added risk of employment and is not a sufficient substantial employment contribution to warrant an award of benefits."

The commission's finding that the claimant sustained an idiopathic fall is supported by Dr. Evans' February 10, 1993 office notes and by the evidence of the claimant's preexisting seizure history. This finding is also supported by Stearns, who saw the claimant "seize-up" and then fall, and by Morton, who saw the claimant sway and then fall. From this evidence, the commission could reasonably conclude that the claimant suffered a seizure which caused him to fall and sustain injuries.

The commission's finding that the claimant's injuries did not arise out of his employment is also supported by the record. There was no evidence that the claimant was placed in a position which could have aggravated the effects of his fall. In addition, there was no evidence of any factors peculiar to the

5

claimant's work environment that may have caused or contributed to the injuries he sustained as a result of the fall.  The statements of Morton, Stearns, and Kirkland support the commission's finding that the claimant's body did not hit the endcap when he fell.

Based upon this record, the claimant did not prove as a matter of law that his injuries arose out of his employment. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>
