COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


U.S. AUTOMOTIVE MANUFACTURING
AND
LIBERTY MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.        Record No. 0633-97-4           PER CURIAM
                                      AUGUST 26, 1997
MAURICE GORDON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Roger L. Williams; Vasiliki Moudilos;
              Williams & Lynch, on brief), for appellants.

              (Anthony Fitzroy Reid; Reid & Reid, on
              brief), for appellee.


     U.S. Automotive Manufacturing and its insurer (jointly

referred to herein as employer) contend that the Workers'

Compensation Commission (commission) erred in (1) awarding

compensation benefits to Maurice Gordon (claimant) pursuant to a

theory of recovery not specifically asserted by claimant, (2)

finding that the effects of the injuries sustained by claimant as

the result of an idiopathic fall were increased due to the

conditions of his employment,[1] and (3) concluding that claimant

did not have a duty to market his residual work capacity.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Employer does not dispute the commission's finding that
claimant's accident was caused by an idiopathic condition.
Therefore, that finding is binding and conclusive upon us.

affirm the commission's decision.  Rule 5A:27.

I.

Contrary to employer's contention, nothing in the Workers' Compensation Act or the case law prohibits the commission from awarding compensation based upon a theory of recovery which is supported by the evidence but not raised by the claimant.  "'The General Assembly established the . . . Commission for the summary disposition of cases arising out of industrial accidents and intended that it have jurisdiction to do "full and complete justice" in each case.'"  Woody's Auto Parts v. Rock, 4 Va. App. 8, 16, 353 S.E.2d 792, 797 (1987) (quoting Hudock v. Industrial Commission, 1 Va. App. 474, 480, 340 S.E.2d 168, 172 (1986) (citation omitted)).

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In Virginia, "'"the effects of [an idiopathic] fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle."'"  PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va.

- 2 -

App. 215, 222, 468 S.E.2d 688, 691 (1996) (quoting <u>Southland</u> <u>Corp. v. Parson</u>, 1 Va. App. 281, 284-85, 338 S.E.2d 162, 164 (1985) (citation omitted)).

In awarding compensation to the claimant for injuries sustained as the result of his idiopathic fall, the commission found as follows:

> The claimant was standing in front of a hot press machine, with two pallets located in his workspace only eight inches apart.  One pallet was on a metal table.  Mr. [Danny] Jordan testified that the claimant "had to hit something" and observed the claimant bleeding from both his forehead and the back of his head, with the left side of his head on the concrete floor and the back of his head on the table leg.  The emergency personnel reported that the claimant struck his head on a table corner and the concrete floor.

Jordan's testimony and the medical records provide credible evidence to support the commission's findings.  Based upon this credible evidence, the commission could reasonably conclude that "'the location of the pallet and metal table, along with the confined space in which the claimant fell, constitutes a risk of the employment.'  The claimant's injury [, caused by his idiopathic fall,] is therefore compensable as a result of the increased risks of his employment."

III.

In ruling that claimant had not been medically released to return to work, and, therefore, was not obligated to market his residual capacity, the commission found as follows:

> We . . . find the claimant has not been

released to work by his treating physician, Dr. [David X.] Cifu. While he recommended a referral for return-to-work assistance, Dr. Cifu contemporaneously advised a neuropsychological evaluation for cognitive and pre-vocational assessment. The functional capacity evaluation advises procurement of a medical release and states the claimant has the "potential" to return to light work. The rehabilitation personnel also recommended continuing physical conditioning. There is also the matter of the claimant's impaired vision, which caused the claimant continuing difficulties as reported by Dr. Cifu and the rehab personnel.

The medical records of Dr. Cifu and the rehabilitation personnel and claimant's testimony provide credible evidence to support the commission's findings. Based upon these findings, the commission could reasonably conclude that claimant had not been medically released to return to work, and, therefore, had no duty to market his residual capacity.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>