COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and McCullough
Argued at Lexington, Virginia


ROBERT WHITT

v.      Record No. 2281-11-3

HALLIBURTON ENERGY SERVICES, INC. AND
 ACE AMERICAN INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
MAY 15, 2012


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Kerry S. Hay (Lee & Phiipps, P.C., on briefs), for appellant.

E. Albion Armfield (Jonas A. Callis; Frith Anderson & Peake, P.C.,
on brief), for appellees.


Robert Whitt appeals a decision of the Workers' Compensation Commission denying his

claim for benefits.  Specifically, Whitt challenges the sufficiency of the evidence to support the

commission's finding that his injury did not arise out of and during the course of his

employment.  For the reasons expressed below, we affirm the decision of the commission.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  "On appeal from a decision of the Workers' Compensation Commission, the

evidence and all reasonable inferences that may be drawn from that evidence are viewed in the

light most favorable to the party prevailing below."  Artis v. Ottenberg's Bakers, Inc., 45

Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

II.

A. Preservation Under Rule 5A:18

Initially, we address employer's[1] argument that Rule 5A:18 bars our consideration of the issue raised by Whitt in this appeal. We conclude that Rule 5A:18 does not bar our consideration of the issue presented.

Under Rule 5A:18:

> No ruling of . . . the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

Employer argues that the language in Whitt's notice of appeal fails to satisfy the requirements of Rule 5A:18. However, this argument is misguided, since the requirements of Rule 5A:18 do not apply to a party's notice of appeal. Whitt's notice of appeal states that he "challenges the sufficiency of the evidence to support the following finding of the Commission: (a) that the claimant's injury did not arise out of and during the course of his employment." Employer contends that this language fails to satisfy Rule 5A:18's requirement that an objection consist of more than "[a] mere statement that the [ruling] is contrary to . . . the evidence." However, we need not address this question, since a party's notice of appeal is not the proper place to raise or preserve an objection for purposes of Rule 5A:18.

"The primary function of Rule 5A:18 is to alert the [commission] to possible error so that the [commission] may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals [and] reversals . . . ." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc) (citing Campbell v. Commonwealth, 12 Va. App.

---

[1] We will refer to appellees jointly as "employer" in this opinion.

476, 480, 405 S.E.2d 1, 2 (1991) (en banc)). A notice of appeal serves none of these purposes. A notice of appeal is filed after the commission has rendered its decision, and it does not ask the commission to consider or reconsider any issue or to take any corrective action. Hence, it is not the place for an appellant to preserve an issue for purposes of Rule 5A:18.

The record in this case amply demonstrates that the issue Whitt has raised on appeal was clearly presented and argued to the full commission and that the full commission ruled on this precise issue. Therefore, the issue was preserved under Rule 5A:18, and we will accordingly consider it.

### B. Arising out of and in the Course of Employment

Whitt's assignment of error challenges the sufficiency of the evidence to support the commission's finding that Whitt's injury did not arise out of and during the course of his employment with employer. As we explain below, we conclude the evidence was sufficient to support the commission's finding.

As is well settled, although "we review questions of law *de novo*," Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc), "we are bound by the commission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding," Artis, 45 Va. App. at 83-84, 608 S.E.2d at 517 (emphasis in original) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)). Moreover, "[w]here reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico Cnty. Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "Matters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the

- 3 -

commission and are conclusive and binding on the Court of Appeals." Kim v. Sportswear, 10

Va. App. 460, 465, 393 S.E.2d 418, 421 (1990) (citation omitted).

> For an injury to be compensable under the Workers'
> Compensation Act, the claimant must prove by a preponderance of
> the evidence three elements: (1) that the injury was caused by an
> accident; (2) that the injury was sustained in the course of the
> employment; and (3) that the injury arose out of the employment.

Southland Corp. v. Parson, 1 Va. App. 281, 283-84, 338 S.E.2d 162, 163 (1985). Here, we

affirm the commission's decision denying Whitt benefits because we find no error in the

commission's finding that Whitt's injury was not sustained "in the course of" Whitt's

employment with employer. Hence, we need not address the other two elements.

"'The phrase arising "in the course of" [employment] refers to the time, place, and

circumstances under which the accident occurred.'" Combs v. Va. Elec. & Power Co., 259 Va.

503, 511, 525 S.E.2d 278, 283 (2000) (alteration in original) (quoting Cnty. of Chesterfield v.

Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989)). "'An accident occurs "in the course of

the employment" when it takes place within the period of the employment, at a place where the

employee may reasonably be, and while he is reasonably fulfilling duties of his employment or

engaged in doing something incidental thereto.'" Id. (quoting Bradshaw v. Aronovitch, 170 Va.

329, 335, 196 S.E. 684, 686 (1938)). As already alluded to, the claimant bears the burden to

prove that his injury arose in the course of his employment. Merillat Indus., Inc. v. Parks, 246

Va. 429, 431, 436 S.E.2d 600, 601 (1993); Southland Corp., 1 Va. App. at 283-84, 338 S.E.2d at

163.

When Whitt attempted to perform the agility test on August 20, 2010, he was employed

as a night security guard and general cleanup person. Although the evidence is clear that

performance of the agility test was a requirement for being a field worker and that Whitt was

directed by his employer to take the test if he wanted to return to that job, the evidence does not

clearly establish whether employer actually required or even expected Whitt to transfer from night security guard to field worker. Furthermore, while we recognize that an "employee's self-improvement activity [that] takes the form of specific action addressed to getting a more desirable job or location . . . may be covered *if within the time and space boundaries of the employment*," 2 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 27.03[1][b] (rev. ed. 2010) (emphasis added), here Whitt failed to present any evidence as to where or when he took the agility test. Thus, he failed to establish that the test occurred during the hours of employment (the time boundaries) or on the employer's premises (the space boundaries).

Apparently, the commission adopted the deputy commissioner's view that Whitt initiated the process of obtaining approval to return to field work because of his personal desire to do so and that he accordingly performed the agility test on his own volition. Indeed, the deputy found that Whitt "desired to perform different work activities that would have enabled him to earn more wages" and made reference to Whitt's "request to perform field work." From the evidence presented, we cannot say that it was unreasonable for the commission to infer that Whitt was applying for field work on his own initiative and for his own advancement, rather than for the purpose of fulfilling duties of his employment or engaging in something incidental thereto. See Kim, 10 Va. App. at 465, 393 S.E.2d at 421; Hawks, 7 Va. App. at 404, 374 S.E.2d at 698. Thus, credible evidence supports the finding of the commission that Whitt's injury sustained while taking the agility test did not arise in the course of his employment. See Artis, 45 Va. App. at 83-84, 608 S.E.2d at 517.

We certainly do not foreclose the possibility that an employee who is injured while undergoing an evaluation for a promotion or alternative position of employment may fall within the scope of the Virginia Workers' Compensation Act. We simply conclude on the particular

- 5 -

facts before us that an employee who seeks to obtain a new position of employment with his current employer on his own initiative and volition, without being required or expected by his employer to seek such a new position, and who is injured while performing a test administered by an undisclosed person or entity, at an undisclosed location, and at a time that may or may not fall within work hours, is not "'reasonably fulfilling duties of his employment or engaged in doing something incidental thereto.'" Combs, 259 Va. at 511, 525 S.E.2d at 283 (quoting Bradshaw, 170 Va. at 335, 196 S.E. at 686).

Therefore, we hold that the commission did not err in concluding that Whitt's injury did not arise in the course of his employment with employer.

III.

For the foregoing reasons, we affirm the commission's decision.

Affirmed.