COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff,[*] Judges Chafin and Decker
Argued at Richmond, Virginia

SAMUEL PAUL JACKSON

                                                    OPINION BY
v.        Record No. 1172-14-1                JUDGE MARLA GRAFF DECKER
                                                    MARCH 17, 2015

CERES MARINE TERMINALS, INC. AND
 TOKIO MARINE AND NICHIDO FIRE INS. CO., LTD.


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Ira M. Steingold (Steingold & Mendelson, on brief), for appellant.

              Lawrence P. Postol (Seyfarth Shaw LLP, on brief), for appellees.


       Samuel Paul Jackson (the claimant) appeals a decision of the Virginia Workers'

Compensation Commission (the commission) denying his claim for medical benefits and

compensation for temporary total disability.  The claimant contends that the commission erred in

finding he suffered no compensable injury by accident.  We conclude that the commission erred

when it held that there is a "risk-of-harm" requirement for a psychological injury to be

compensable.  Therefore, we reverse and remand for further proceedings.

I.  BACKGROUND[1]

       On March 28, 2011, the claimant was employed by Ceres Marine Terminals (the

employer) as a longshoreman.  On that date, while the claimant was operating a forklift, he

struck Paula Belamy, a coworker, causing injuries that resulted in her death.  The claimant

---

[*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

[1] On appeals from the commission, this Court "review[s] the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App, 2111, 212, 390 S.E.2d 788, 788 (1990).

testified that he did not realize that he struck Belamy when it happened. He found out that he hit her when another worker flagged him down immediately after the accident. The claimant assisted other workers in an effort to raise his forklift off of her. He was within two to three feet of the victim. Once they were able to lift the forklift, it was apparent that Belamy's leg was wrapped around the rear axle. Other workers untangled her legs so that they could drag her body from underneath the machine. The claimant described Belamy as "pretty mangled, bleeding from the mouth, her arm was mangled[,] . . . basically just flesh, burn marks[,] . . . you could pretty much see the bone in her arm, [and] her wrist and hand were twisted around backwards." The claimant watched the rescue efforts of the police and fire department. They did "several things" to the victim for about five to ten minutes before putting her in an ambulance. Gregory Concepcion, a superintendent for the employer, testified that when he arrived at the accident scene he saw that Belamy was still alive and communicative, although "not vocally." He described it as a "gruesome scene." Concepcion told the claimant to "receive[] help and take [his] time in returning to work."

The claimant saw a variety of medical professionals for mental health treatment after the March 2011 accident. He visited Dr. Margaret Stiles, his primary care physician, on March 29, 2011, a day after the incident. She noted that he was "acutely extremely upset, stressed, calmer now," and prescribed various medications. On April 6, 2011, the claimant saw a treating clinician, Greg Griffin, LCSW, who recommended "brief supportive crisis debriefing counseling." He also recommended that the claimant not return to work for four to six weeks. Dr. Norbert Newfield, a clinical psychologist, first evaluated the claimant on July 11, 2011. Dr. Newfield found that the claimant suffered from post-traumatic stress disorder (PTSD) with "significant levels of anxiety and depression" resulting from the work-related incident. Dr. Newfield began to treat the claimant on a weekly basis. He also recommended that the

claimant see a psychiatrist, Dr. Deborah Giorgi-Guarnieri. The psychiatrist in turn prescribed various medications for the claimant.

Dr. Patrick Thrasher, a second psychiatrist, conducted an independent medical examination of the claimant on October 3, 2011. He diagnosed the claimant with PTSD and "[m]ajor depression." He also concluded that these diagnoses were causally related to the work incident. On November 15, 2012, Dr. Paul Mansheim, a third psychiatrist, conducted another independent medical examination of the claimant. Dr. Mansheim concluded that the claimant did not suffer from PTSD, because "[h]e did not experience a threat to himself, he was never in danger, and if someone had not told him to stop his vehicle, he would not have known that something happened."

On July 22, 2011, the claimant filed a claim for benefits alleging that he suffered from PTSD as a result of the work-related incident. He sought an award of medical benefits, lost wages, and compensation for permanent disability. The employer defended the claim based upon its contentions that the claimant violated a known safety rule, rejected a panel of physicians, and did not suffer a compensable injury by accident. The deputy commissioner found that the claimant's injury was not compensable because he was not placed in imminent physical danger at the time of the accident. On appeal, the commission, with one commissioner dissenting, affirmed the deputy commissioner's ruling. It concluded that "[i]n order for a purely psychological injury to be compensable, the psychological trauma must be related to either a physical injury or a sudden shock or fright caused by circumstances placing the claimant at risk of harm." This appeal followed.

## II. ANALYSIS

The claimant contends that the commission erred by holding that he did not sustain a compensable injury by accident. Specifically, he argues that the commission erred in concluding

- 3 -

that because the claimant was not placed at risk of harm, he did not suffer a compensable psychological injury.

"Whether an injury arises out of . . . employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)). "Causation is a factual determination to be made by the commission, but the standards required to prove causation and whether the evidence is sufficient to meet those standards are legal issues which we must determine." Anthony v. Fairfax Cnty. Dep't of Family Servs., 36 Va. App. 98, 103, 548 S.E.2d 273, 276 (2001). When the issue on appeal is a question of law, this Court is "'not bound by the commission's legal analysis in this or prior cases.'" Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002) (quoting U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998)); see also Ragland v. Muguruza, 59 Va. App. 250, 255, 717 S.E.2d 842, 845 (2011).

Here, the deputy commissioner found that the claimant's medical files reflected that he suffered psychological, emotional, and mental problems, without any evidence of physical injury. Based upon those facts, the deputy commissioner found that there was no compensable injury by accident. He reviewed the applicable case law and determined that "[t]he common thread through these cases indicates that if a claimant has suffered a purely psychological injury and disability as a result of a sudden shock or fright, the circumstances surrounding the injury must place the claimant *in imminent physical danger*." (Emphasis added).

The full commission, with one commissioner dissenting, affirmed the deputy commissioner. The commission conducted its own review of the case law and held that "[i]n

- 4 -

order for a purely psychological injury to be compensable, the psychological trauma must be related to either a physical injury or sudden shock or fright caused by circumstances placing the claimant *at risk of harm*." (Emphasis added).

The claimant alleges that the commission misinterpreted the legal precedent regarding the compensability of psychological injuries and applied the wrong legal standard. We agree.

In the context of workers' compensation claims, the Supreme Court of Virginia first addressed the compensability of purely psychological injuries in Burlington Mills Corp. v. Hagood, 177 Va. 204, 13 S.E.2d 291 (1941). In that case, the employee experienced a sudden shock when a loose wire in a motor caused a short circuit, producing "an electric flash and a sound resembling that of a shotgun." Id. at 207, 13 S.E.2d at 292. The Supreme Court found that her diagnosis of traumatic neurosis was causally related to the workplace incident. Id. at 211, 13 S.E.2d at 293. The Court further noted that "in tort actions we have followed the common-law rule that there can be no recovery for mental anguish unaccompanied by physical injury . . . . The rules of the common law for tort actions, however, do not apply to cases under the Workmen's Compensation Act." Id. at 210, 13 S.E.2d at 293. Therefore, despite the employee having no physical injury, the Court affirmed her award of benefits. Id. at 211, 13 S.E.2d at 294.

Several decisions of this Court have applied the principle from Hagood that a purely psychological injury may be a compensable injury by accident under the Virginia Workers' Compensation Act. These cases routinely hold that to qualify as a compensable injury, a purely psychological injury, such as PTSD, must be causally related to a physical injury *or* to an obvious sudden shock or fright arising in the course of employment. See UPS v. Prince, 63 Va. App. 702, 708, 762 S.E.2d 800, 803 (2014); Anthony, 36 Va. App. at 103, 548 S.E.2d at 276; Owens v. Va. Dep't of Transp., 30 Va. App. 85, 88, 515 S.E.2d 348, 349 (1999); Hercules,

- 5 -

Inc. v. Gunther, 13 Va. App. 357, 362, 412 S.E.2d 185, 188 (1991); Chesterfield Cnty. v. Dunn, 9 Va. App. 475, 477, 389 S.E.2d 180, 182 (1990). Additionally, this Court has "refined the 'shock or fright' component of a compensable psychological injury by noting that '[t]he types of precipitating events that give rise to purely psychological compensable injuries are consistently described as shocking, frightening, traumatic, catastrophic, and unexpected.'" Prince, 63 Va. App. at 709-10, 762 S.E.2d at 803 (quoting Anthony, 36 Va. App. at 103-04, 548 S.E.2d at 276).

In this case, the commission made clear that it was not simply applying the standard stated in the above-cited cases, that a purely psychological injury must be causally related to a physical injury or to an obvious sudden shock or fright arising in the course of employment. Instead, the commission added the requirement that a claimant be placed at "risk of harm" in order for a psychological injury to be compensable. Unlike the commission, we do not find this specific requirement for compensability in prior case law of the Supreme Court of Virginia or our Court.

This Court's analysis in Prince, 63 Va. App. 702, 762 S.E.2d 800, supports this conclusion. In Prince, the employee, while working as a delivery driver, arrived to deliver a package at a home where he found a dead body in what he described as a "really really gruesome scene." Id. at 705, 762 S.E.2d at 801. The employee was at the scene for approximately an hour. Id. at 706-07, 762 S.E.2d at 802. During this time, he vomited from anxiety and also feared for his life as he suspected that the death was the result of foul play. Id. He was later diagnosed with PTSD resulting from this experience. Id. at 707, 762 S.E.2d at 802. This Court held that the commission did not err in determining that the employee suffered a compensable psychological injury. Id. at 711, 762 S.E.2d at 804. The Court found that the sudden shock or fright of the event in that case was sufficient for the claimant's PTSD to be compensable. Id. at

- 6 -

711-13, 762 S.E.2d at 804-05. This holding was not based on any showing that the employee was placed at risk of harm. Rather, the analysis focused on whether the facts constituted an incident that involved a "sudden shock or fright" so as to create a compensable injury by accident, without a discussion of whether the claimant was placed at risk of harm during the incident. Id.

In the case before us, the commission majority relied on Hagood, 177 Va. 204, 13 S.E.2d 291, and Dunn, 9 Va. App. 475, 389 S.E.2d 180, as support for its finding that psychological trauma must be related to either a physical injury or a sudden shock or fright caused by circumstances placing the claimant at risk of harm. The commission noted that in Hagood, the employee fell after being startled by the explosion, putting her at risk of harm. The commission further pointed out that the employee in Hagood was also working at a machine, close to the electric motor that was being repaired, and "[a] malfunctioning electric motor in an industrial setting is inherently dangerous." However, neither of those facts was used by the Supreme Court as support for the holding in that case, which was that the employee's psychological injury from shock related to a workplace incident was compensable.

In Dunn, 9 Va. App. 475, 389 S.E.2d 180, our Court reversed the commission's award of benefits to a firefighter who had been diagnosed with PTSD after assisting an injured motorist in a dark, cramped space for fifteen minutes. Id. at 476-77, 389 S.E.2d at 181. The commission's reliance on Dunn for support is again misplaced. In that case, while this Court cautioned that "we should not extend [Hagood] beyond its facts," id. at 478, 389 S.E.2d at 182, it reaffirmed the principle set out in Hagood that "[t]o be compensable as an injury by accident, a purely psychological injury must be causally related to a physical injury or be causally related to an obvious sudden shock or fright arising in the course of employment," id. at 477, 389 S.E.2d at 182. While the commission majority here considered it significant that the incident in Dunn did

- 7 -

not place the firefighter at risk of personal harm, the analysis in <u>Dunn</u> does not discuss this fact and the Court did not rely on the absence of personal risk of harm as a determinative factor in its holding.[2]

Applicable precedent makes clear that the correct legal standard for analyzing the compensability of psychological injuries, derived from <u>Hagood</u> and applied in <u>Prince</u> and several prior cases, is that a psychological injury must be causally related to either a physical injury or an obvious sudden shock or fright arising in the course of employment, without a specific requirement that the claimant be placed at risk of harm. Although a risk of harm to a claimant may be a factor in cases where the compensability of psychological injuries is evaluated, our Court has never held that this factor is a requirement, and we decline to do so now. Therefore, the commission erred when it applied a risk-of-harm requirement in determining whether the claimant suffered a compensable injury.

## III. CONCLUSION

The commission erred by employing an incorrect legal standard in ruling that the claimant did not suffer a compensable injury. Accordingly, we reverse the commission's decision and remand this case to the commission for determination according to the correct legal

---

[2] Additionally, the commission cited two unpublished opinions from our Court in support of its conclusion, <u>Hill v. Travelodge</u>, No. 0653-99-2, 1999 Va. App. LEXIS 698 (Va. Ct. App. Dec. 28, 1999), and <u>Smith v. County of Arlington</u>, No. 1902-10-4, 2011 Va. App. LEXIS 135 (Va. Ct. App. Apr. 19, 2011). It also referenced one decision from the commission, <u>Larkin v. Thalia Gardens Apartments</u>, No. 238-20-16, 10 WC UNP 2382016 (Va. Workers' Comp. Comm'n Mar. 26, 2010). First, we note that while persuasive, unpublished decisions of our Court have no precedential value, nor are decisions from the commission binding on our Court. <u>See</u> <u>Otey v. Commonwealth</u>, 61 Va. App. 346, 351 n.3, 735 S.E.2d 255, 258 n.3 (2012) (noting that unpublished opinions are persuasive but not binding precedent); <u>Prince</u>, 63 Va. App. at 708 n.2, 762 S.E.2d at 803 n.2 ("[The commission's] decisions are not binding authority on this Court . . . ."). Second, as in <u>Hagood</u> and <u>Dunn</u>, no "risk-of-harm" requirement for compensable psychological injuries is found in these cases. They all use the standard derived from <u>Hagood</u>— to be compensable, a purely psychological injury must be causally related to a physical injury or to an obvious sudden shock or fright arising in the course of employment—and simply apply this standard to the particular facts in each case.

standard.  On remand, the commission is instructed, based upon the existing record, to address whether the claimant suffered a compensable injury and evaluate the merit of the employer's defenses.

<u>Reversed and remanded.</u>