COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Decker, AtLee and Malveaux
Argued at Richmond, Virginia


ARSENIO MOJARES

v.      Record No. 1016-16-2

RK CHEVROLET, INC. AND
 VADA GROUP SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
NOVEMBER 22, 2016


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Sidney H. Kelsey, Jr., on brief), for appellant.  Appellant
submitting on brief.

Kathryn Spruill Lingle (Midkiff, Muncie and Ross, P.C., on brief),
for appellees.


Arsenio Mojares (the claimant) appeals a decision of the Workers' Compensation

Commission (the Commission) denying his claim for medical benefits.  He argues that the

Commission erred by finding that his injury did not arise out of his employment.  We conclude

that the Commission's factual finding that the claimant failed to establish the requisite causal

connection between his employment and his accident was not plainly wrong.  Therefore, we

affirm the Commission's decision.

I.  BACKGROUND[1]

On December 11, 2012, the claimant, who worked for RK Chevrolet, Inc. (the employer)

as a finance director, fell on concrete steps on the employer's premises and sustained injuries as

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On appeals from the Commission, we "review the evidence in the light most favorable to the prevailing party" below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App, 211, 212, 390 S.E.2d 788, 788 (1990).

a result of the fall.  The claimant asked for workers' compensation benefits.[2]  The employer's insurance carrier denied his claim.

At the hearing before the deputy commissioner, evidence was presented regarding the claimant's pre-existing injuries.  In 2001, he was shot while working for another employer.  The injuries left him permanently partially disabled.  As a result, his gait was affected, he had limited use of his right hand, and he used a right-handed cane.  Additionally, he could climb stairs only "one step at a time."

The claimant explained that as part of his job duties for the employer, he had to go several times a day from the finance department to an adjacent building.  The adjacent building had two entrances.  The shortest path between buildings was indoors and contained the steps on which the claimant fell.  The other entrance was an outdoor ramp.  The interior steps where the injury occurred did not have any defects.[3]  There was a single hand railing associated with the stairs.  The railing was on the claimant's right side as he ascended the stairs.  The claimant stated that he felt that the physical demands of the job "generated undue trauma" on his legs.  He acknowledged, however, that he typically used the stairs several times a day.

The claimant clarified that he did not use the ramp the particular time of his fall because he "was in a hurry" to deliver paperwork for a sale.  In addition, according to the claimant, cold temperatures that day caused stiffness and weakness in his leg.  He chose the shortest path between buildings because the quicker route would allow him to deliver the required paperwork faster and to spend less time outside in the cold.  When he fell, the claimant was holding files and his cane in his left hand and using the railing with his right hand.  The claimant could not

---

[2] The claimant withdrew his application for lost wages after receiving partial payment for the days that he missed work.

[3] Photographs of the stairs were admitted into evidence.

explain what caused his fall. In interrogatory answers submitted early in the administrative proceedings, the claimant described the event, stating that he suddenly "tripped [him]self and fell on the staircase." He surmised that he probably "slipped."

Medical records prepared by the physician who treated the claimant after the fall noted that the claimant "slipped walking up concrete stairs at work." The day after the fall, the evaluating health care provider documented the account that the claimant "was going up stairs when he tripped himself and fell."

Following the evidentiary hearing, the deputy commissioner denied the claim because the claimant failed to prove that his injury arose "out of and in the course of his employment." On appeal, the Commission, with one commissioner dissenting, affirmed the deputy's opinion that the claimant's injury did not arise out of his employment. It found that the record established that "the claimant simply and inexplicably fell." The Commission reasoned that the "claimant did not attribute his fall to any condition of the step, railing or employment task." It also noted that he "made no mention of his pre-existing physical condition as a causative agent." The Commission considered and rejected the argument that the claimant suffered a compensable idiopathic fall.

## II. ANALYSIS

The claimant contends that the Commission erred by holding that he did not sustain a compensable injury because he failed to prove that his injuries arose out of his employment. He suggests that his pre-existing condition combined with the "configuration of [the] staircase" increased his risk of falling.

The applicable law is clearly established. As the appellant in this case, the claimant bears the "burden of showing that reversible error was committed" by the Commission. See Burke v. Catawba Hosp., 59 Va. App. 828, 838, 722 S.E.2d 684, 689 (2012). "Whether an injury arises

- 3 -

out of . . . employment involves a mixed question of law and fact, which we review *de novo* on appeal." Jackson v. Ceres Marine Terminals, Inc., 64 Va. App. 459, 463, 769 S.E.2d 276, 278 (2015) (alteration in original) (quoting Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001)). The Commission's factual decisions are "conclusive and binding" if supported by credible evidence. Id. (quoting VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002)). This principle applies "even [if] there is evidence in the record to support a contrary finding." City of Waynesboro v. Griffin, 51 Va. App. 308, 317, 657 S.E.2d 782, 786 (2008) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)). "Causation is a factual determination to be made by the commission, but the standards required to prove causation and whether the evidence is sufficient to meet those standards are legal issues which we must determine." Anthony v. Fairfax Cty. Dep't of Family Servs., 36 Va. App. 98, 103, 548 S.E.2d 273, 276 (2001).

In order to obtain compensation for an injury, a claimant must prove by a preponderance of the evidence that he or she suffered an injury "arising out of and in the course of the employment."[4] Code § 65.2-101. In determining whether an injury arises out of employment, "Virginia employs the actual risk test." Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828, 537 S.E.2d 35, 37 (2000) (quoting Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000)).

Under this test, an injury is considered to have arisen out of the employment "if the manner in which the employer requires the work to be performed is causally related to the resulting injury." Id. (quoting Vint, 32 Va. App. at 63, 526 S.E.2d at 297). It must be "fairly . . .

---

[4] Whether the injury occurred "in the course of" the claimant's employment is not at issue in this appeal. See, e.g., Bernard v. Carlson Cos. - TGIF, 60 Va. App. 400, 405, 728 S.E.2d 508, 510 (2012) (noting that "arising out of" and "in the course of" are two different prongs under the Workers' Compensation Act).

trace[able] to the employment as a contributing proximate cause" and not come "from a hazard to which the workmen would have been equally exposed apart from the employment." Id. (quoting Vint, 32 Va. App. at 64, 526 S.E.2d at 297). "Thus, in an unexplained fall case . . . , a claimant must prove by a preponderance of the evidence that the fall 'arose out of' the employment by establishing a causal connection between his . . . employment and the fall." PYA/Monarch v. Harris, 22 Va. App. 215, 224, 468 S.E.2d 688, 692 (1996).

In contrast, an injury did not arise out of employment if it was caused by "a hazard to which the workmen would have been equally exposed apart from the employment." Id. at 222, 468 S.E.2d at 691 (quoting Grove v. Allied Signal, Inc., 15 Va. App. 17, 19-20, 421 S.E.2d 32, 34 (1992)). "Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Southside Va. Training, 33 Va. App. at 829, 537 S.E.2d at 37. "An employee who trips while walking up a staircase at work cannot recover compensation unless something about the steps (or some other condition of the workplace) presented a hazard or danger peculiar to the worksite." Bernard v. Carlson Cos. - TGIF, 60 Va. App. 400, 407, 728 S.E.2d 508, 511 (2012). "[I]f there is 'nothing unusual or wrong with the steps,' an employee who trips over them cannot show the accident 'arose out of' the employment." Id. (quoting Cty. of Chesterfield v. Johnson, 237 Va. 180, 185-86, 376 S.E.2d 73, 76 (1989)).

Here, the Commission concluded that the claimant did not prove by a preponderance of the evidence that his fall arose out of his employment. It found that the record established that "the claimant simply and inexplicably fell." Credible evidence supports this factual finding in the form of the claimant's interrogatory answer that he "tripped [him]self," his own description of the incident to health care providers after the fall, his recorded statement to the insurance

claims supervisor, and his claim forms. Consequently, we are bound by this critical factual finding. See Jackson, 64 Va. App. at 463, 769 S.E.2d at 278.

The claimant argues that this case is controlled by Virginia cases recognizing that an individual employee can have an increased personal risk brought about by a "preexisting personal disease." PYA/Monarch, 22 Va. App. at 222, 468 S.E.2d at 691 (quoting Southland Corp. v. Parson, 1 Va. App. 281, 283, 338 S.E.2d 162, 163 (1985)) (referring to this type of case as an "idiopathic case"). This claim is not supported by the record or application of the relevant law. Under the "idiopathic fall" doctrine, if a fall results "from a pre-existing medical condition of the claimant," any resulting injury is "compensable only when the conditions of the workplace aggravate the claimant's injury." City of Waynesboro, 51 Va. App. at 317, 657 S.E.2d at 786. In a case in which an injury is caused by a pre-existing condition, "no award shall be made" without "credible evidence of any factors peculiar to [the] work environment that may have caused or contributed to [the claimant's] injuries." Va. Dep't of Transp. v. Mosebrook, 13 Va. App. 536, 538, 413 S.E.2d 350, 351-52 (1992). Whether an accidental injury was caused by the employee's pre-existing personal disease is a question of fact. See Southland Corp., 1 Va. App. at 283, 338 S.E.2d at 163.

Here, the record supports the Commission's finding that the claimant simply fell while ascending the non-defective steps. The record also supports the Commission's conclusion that the fall was not caused by his pre-existing physical condition. Accordingly, the Commission did not err in concluding that the claimant's injury was not causally related to his employment.

### III. CONCLUSION

The record supports the Commission's factual finding that the claimant's injury was not causally related to the manner in which the employer required the work to be performed.

Consequently, we affirm the Commission's decision denying the claim because the injury did not arise out of the claimant's employment.

Affirmed.