COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Huff and Senior Judge Frank
Argued by videoconference

UNPUBLISHED

GENERAL ELECTRIC AND
  ELECTRIC INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
v.       Record No. 0683-20-4          JUDGE WILLIAM G. PETTY
                                       OCTOBER 27, 2020

ALBERT KING


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Matthew J. Sheptuck (Joseph F. Giordano; Semmes, Bowen &
Semmes, on brief), for appellants.

Andrew E. Sassoon (Michele S. Lewane; Injured Workers' Law
Firm, on brief), for appellee.


In this appeal by General Electric and Electric Insurance Company (employer) of a

decision by the Virginia Workers' Compensation Commission, we find no error in the

Commission's decision; accordingly, we affirm.

On appeal from a decision of the Commission, we review the evidence in the light most

favorable to the claimant Albert King, the party prevailing below.  Snellings v. Stafford Cnty.

Fire & Rescue Dept., 62 Va. App. 568, 570 (2013).

Albert King worked for employer, in its GE Aviation Dowty Propellers division, from

2006 to 2019.  King's job involved cleaning, sanding, and grinding propeller blades.  The tools

he used generated loud noise.  It is uncontested that King wore the protective equipment

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

provided by employer and that the equipment brought the noise level to within standards mandated by OSHA. Nevertheless, King's annual hearing tests showed gradual hearing loss.

King sought compensation for his hearing loss. The Commission heard testimony from King's treating physician, who stated that to a reasonable degree of medical certainty King's hearing loss was caused by his work for employer. Employer argues the Commission erred by finding King "met his burden of proving bilateral hearing loss and bilateral tinnitus as ordinary diseases of life by clear and convincing evidence pursuant to Va. Code § 65.2-401."

Whether an ordinary disease of life, as defined by Code § 65.2-400, is compensable involves a mixed question of law and fact, which we review *de novo* on appeal. Jackson v. Ceres Marine Terminals, Inc., 64 Va. App. 459, 463 (2015). "Decisions of the Commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Id. (quoting VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002). "Causation is a factual determination to be made by the Commission, but the standards required to prove causation and whether the evidence is sufficient to meet those standards are legal issues which we must determine." Id. (quoting Anthony v. Fairfax Cnty. Dep't of Family Servs., 36 Va. App. 98, 103 (2001)).

The Code provides that hearing loss is an "ordinary disease of life . . . [that] may be treated as an occupational disease for purposes of" compensation. Code § 65.2-401; see Code § 65.2-400. For the hearing loss to be compensable under Code § 65.2-401, a claimant must prove by "clear and convincing evidence, (not a mere probability), that the [hearing loss] [1] exists and arose out of and in the course of employment as provided in Code § 65.2-400" and "did not result from causes outside of the employment" and "[2] . . . is characteristic of the employment and was caused by conditions peculiar to such employment." Code § 65.2-400(B) provides that a disease arises out of the employment "if there is[, *inter alia,*] . . . [a] direct causal

connection between the conditions under which work is performed and the occupational disease; . . . [and] [i]t can be fairly traced to the employment as the proximate cause . . . ." Tex Tech Indus., Inc. v. Ellis, 44 Va. App. 497, 503 (2004) (alterations in original).

Here, the Commission found credible the treating physician's testimony that the medical evidence established King's employment as the primary source of his hearing and tinnitus. The physician further explained why he did not believe the other possible causes posited by employer were the source of King's hearing loss. Moreover, contrary to employer's argument, the fact that King wore hearing protection that brought the noise below the level established as acceptable by OSHA does *not* mean the noise over years of employment was not the source of King's hearing loss. We conclude the factual findings made by the Commission constituted clear and convincing evidence that King's hearing loss was caused by his employment. Accordingly, we affirm.

Affirmed.