**Charlottesville**
VIRGINIA DEPARTMENT OF TRANSPORTATION
v.
GERALD ROY MOSEBROOK
No. 1003-91-3
Decided January 21, 1992

COUNSEL

Lee Melchor, Assistant Attorney General (Mary Sue Terry, Attorney General; Gail Starling Marshall, Deputy Attorney General; William H. Hauser, Senior Assistant Attorney General; Robert L. Walker, Assistant Attorney General, on briefs), for appellant.

Donald G. Pendleton (Pendleton, Martin, Henderson & Garrett, on brief), for appellee.

OPINION

MOON, J.—We reverse an award in favor of Gerald Roy Mosebrook against the Virginia Department of Transportation because the evidence shows that appellee's injury was of idiopathic origin.

On May 23, 1990, Mosebrook, an equipment operator for the Virginia Department of Transportation (VDOT), was operating a VDOT dump truck when he "blacked out" and crashed into a tree. One witness, Geraldine Wooldridge, testified that when she saw Mosebrook get out of the truck, he had some blood on his face and was complaining that his head and neck were hurting. A CT scan performed at the emergency room showed extensive bleeding around the base of the brain. A cerebral angiogram showed an aneurysm and the final diagnosis was a cerebellum hemorrhage, left pica aneurysm. In his report of September 26, 1990, Dr. G. A. Hurt stated that "it was possible" that the aneurysm ruptured and caused the severe bleeding which temporarily made Mosebrook unable to handle his vehicle. Mosebrook had no recollection of the incident.

The burden is upon a claimant to prove by a preponderance of the evidence that he sustained a compensable injury. *Woody v. Mark Winkler Management, Inc.*, 1 Va. App. 147, 150, 336 S.E.2d 518, 520 (1985). Factual findings of the commission are binding on appeal when supported by credible evidence.

*Southland Corp. v. Parson*, 1 Va. App. 281, 283, 338 S.E.2d 162, 163 (1985); Code § 65.1-98. However, if no credible evidence exists in support of a factual finding, the issue of sufficiency of the evidence is one of law for this Court to decide. *Spruill v. C.W. Wright Constr. Co.*, 8 Va. App. 330, 333, 381 S.E.2d 359, 360 (1989).

■ When an employee's injuries result from an idiopathic condition and no other factors intervene or operate to cause or contribute to the injuries sustained as a result of the idiopathic condition, no award shall be made. *Parson*, 1 Va. App. at 285-86, 338 S.E.2d at 164.

Here, there was no credible evidence of any factors peculiar to his work environment that may have caused or contributed to Mosebrook's injuries sustained as a result of the idiopathic condition. *See id.*; *County of Chesterfield v. Johnson*, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989).

The only evidence supporting a finding of a compensable accident was the speculation in Dr. Hurt's report that "it was possible" that the aneurysm rupturing caused the severe bleeding which temporarily made the claimant unable to handle his vehicle. This led to the deputy commissioner's conclusion, which was affirmed by the full commission, that the aneurysm ruptured prior to the collision with the tree and that the effects of the aneurysm were made more severe by the operation of the truck. There was no "credible evidence" in this case that the operation of the truck increased the severity of the aneurysm.

Dr. Hurt's statement at best speculated that the idiopathic condition affected Mosebrook's driving. In no way did the statement establish that a condition of Mosebrook's employment aggravated or caused the aneurysm. Evidence that shows a mere possibility that the accident resulted from an employment related aggravation of an idiopathic condition does not constitute "credible evidence" to support an award of compensation. Mosebrook did not prove a compensable injury by a preponderance of the evidence.

Accordingly, since no credible evidence supports the award, the award is reversed and the claim dismissed.

*Reversed and dismissed.*

Barrow, J., and Coleman, J., concurred.