COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


THADDEUS R. FODDRELL
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1988-97-2      JUDGE SAM W. COLEMAN III
                                      SEPTEMBER 29, 1998
J & J SOUTHEAST AND
 GEORGIA PACIFIC CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Peter McIntosh (Michie, Hamlett, Lowry,
            Rasmussen & Tweel, P.C., on brief), for
            appellant.

            Cecil H. Creasey, Jr. (Sands, Anderson,
            Marks & Miller, on brief), for appellees.


        In this appeal from the Workers' Compensation Commission,

Thaddeus R. Foddrell contends the commission erred in finding

that he failed to prove he sustained an injury by accident

arising out of and in the course of his employment.  Upon review,

we find no error and affirm the commission's decision.

        On appeal, we view the evidence in the light most favorable

to the party prevailing before the commission, the employer in

this case.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App.

211, 212, 390 S.E.2d 788, 788 (1990).  The claimant has the

burden of proving that his or her disability is causally related

to a workplace injury by accident.  See Morris v. Morris, 238 Va.

578, 589, 385 S.E.2d 858, 865 (1989); AMP, Inc. v. Ruebush, 10

─────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Va. App. 270, 274, 391 S.E.2d 879, 881 (1989). Unless we can say as a matter of law that claimant sustained his burden of proving an injury by accident, the commission's decision is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that he injured his left knee when he slipped and fell on the employer's parking lot while looking for Mike Branch, a loader shifter who brings empty tractor trailers to claimant's work station. Branch testified, however, that he saw claimant slip and grab his right knee when he and claimant were walking through the parking lot to their cars after Branch had clocked out from work. The employer introduced time sheets showing that claimant clocked out from work shortly before Branch clocked out. According to Tammy Wood, employer's claims supervisor, claimant told her in a telephone interview that he injured his left knee while walking out in the parking lot to start his car during the cold weather. Wood testified that twenty minutes later claimant called her again and stated that he slipped and fell while looking for trailers in the parking lot and that "he didn't want [her] to get the impression that he had just walked off his job . . . to go out and start his car." Claimant expressly denied that he injured himself while departing from work on the morning in question.

Citing the inconsistencies in claimant's testimony and the testimony of employer's witnesses, the deputy commissioner found,

and the full commission agreed, that the claimant's evidence was not credible. The commission added:The claimant had the legal burden to prove that he sustained an injury by accident. While much of the evidence supports that the claimant slipped and fell at work, none of the other evidence supports the claimant's testimony that he was injured while trying to find Branch. The claimant can rise no higher than his own testimony. Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922).

The commission held that claimant failed to prove that he suffered a compensable injury by accident.

It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon the inconsistencies in the evidence, the commission was entitled to conclude that claimant's testimony was not credible, and we are bound by that finding on appeal. However, the claimant contends that although the commission found him not to be a credible witness, all the other witnesses testified to various versions of his having fallen in the parking lot and having injured his knee. He asserts that all of these versions, while varying in some particulars, prove that he received a compensable injury. Thus, according to the claimant, because all factual versions prove that he received a compensable injury, the evidence proves his claim as a matter of law.

Because claimant presented evidence of inconsistent accounts

of an accident and how he was injured, the commission was not required to believe any of the versions of whether an accident occurred that caused the claimant's injury. Moreover, we cannot find that claimant has proven as a matter of law that he suffered an injury by accident. See Virginia Dep't of Transp., 13 Va. App. 536, 538, 413 S.E.2d 350, 351-52 (1992).

The inconsistencies in the various accounts of an accident raised doubts with the fact finder whether an accident occurred or whether the claimant's injury resulted from a fall in the employer's parking lot. The commission noted that Donald Ashby denied that claimant had told him of having been injured in a fall immediately after it occurred. Ashby stated that claimant told him about an accident several days later before going on medical leave, at which time claimant stated, "I want you to be aware of it in case I have to go to the doctor." Furthermore, contrary to claimant's testimony that he fell onto his left side, Mike Branch denied having seen claimant fall but testified instead that he saw claimant slip and grab his knee and then turn to Branch and ask if he saw "what happened." Because of the nature of the inconsistencies between the claimant's version and the varying versions of the witnesses, the fact finder was justified in holding that the claimant had failed to carry his burden of proving that an accident occurred in the workplace or that the claimant's injury was a result of any workplace accident.

Under Virginia law an employee may incur a compensable injury by accident if he or she is injured in the employer's parking lot while departing from work.  See Barnes v. Stokes, 233 Va. 249, 252-53, 355 S.E.2d 330, 331-32 (1987); Brown v. Reed, 209 Va. 562, 565, 165 S.E.2d 394, 397 (1969).  Even though the evidence of some of the witnesses, if accepted by the fact finder, might support the proposition that claimant slipped and fell in employer's parking lot while leaving work, the fact finder, in light of the inconsistencies, did not accept the evidence as satisfying claimant's burden of proving that he suffered an injury by accident.  See Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 238-39, 429 S.E.2d 39, 42 (1993).

Because the commission's credibility determination is dispositive of this appeal, we do not address whether the commission's reference to the case of Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), was a misapplication of that doctrine.  Accordingly, we affirm the commission's decision.

Affirmed.