COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


DENNIS R. BYRD

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2346-03-1          JUDGE ELIZABETH A. McCLANAHAN
                                                    APRIL 20, 2004

OASIS SERVICES, INC. AND
 HARTFORD FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Gerald G. Poindexter for appellant.

                William C. Walker (Donna White Kearney; Kevin D. Sharp;
                Taylor & Walker, P.C., on brief), for appellees.


        Dennis R. Byrd (claimant) appeals from a decision of the Virginia Workers'

Compensation Commission determining that his injury did not arise out of his employment.

Claimant raised five questions on appeal:  (1) whether claimant suffered an injury by accident in

the course of his employment; (2) whether a circumstance described in the record bars claimant

from compensation under Code § 65.2-306, or any relevant provision of the Workers'

Compensation Act ("Act"); (3) whether there is any reason claimant's accident is not

compensable; (4) whether the commission's interpretation of the Act constitutes denial of

claimant's due process and equal protection rights under the Virginia and United States

Constitutions; and (5) whether the denial of compensation to claimant is consistent with the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

purpose of the Act.[1]  For the reasons that follow, we conclude that the record supports the commission's decision, and affirm.

## I. Background

"On appeal, 'we view the evidence in the light most favorable to the prevailing party' before the commission." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003) (citing Tomes v. James City (County of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002)).

Claimant was employed as a truck driver by Oasis Services of Smithfield, Virginia. Oasis operates a commercial laundry for manufacturing plants in Tidewater, Virginia.  Six mornings a week, starting at 3:00 a.m., claimant drove between Smithfield and Tidewater making deliveries and pickups.  One morning, while he was returning from Tidewater, he experienced an accident in his truck.  Claimant suffered multiple injuries from the accident.

The matter was heard *ore tenus* by a deputy commissioner, at which claimant testified. Oasis offered no witnesses.  Claimant does not remember how the accident transpired, where it occurred, or any knowledge of the facts surrounding the accident.  Claimant does not know whether he lost consciousness, suffered a seizure or fell asleep.  He has no recollection of speaking to the police following the accident.

---

[1] Claimant has waived appellate review of questions two, four and five.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18)).  The rule applies to all types of cases, including those with constitutional rights at issue.  Upon our review of the record, appellant did not present question two relative to Code § 65.2-306 to the trial court.  Questions four and five were first raised in claimant's notice of appeal, which was filed on September 10, 2003.  Listing an issue in a notice of appeal does not properly bring the issue to the trial court's attention or preserve the issue for appeal.  See Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of these questions on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions.  See id.

Claimant acknowledged that he is a diabetic, but that he had no history of blackouts or seizures. He testified that he took his medication on the morning of the accident and that he felt "fine" before the accident. Claimant stated:

> [T]he doctor said my sugar level was fine. . . . According to the lab test there [were] no signs of low sugar or none of that kind of stuff. He said it had to be low sugar or something like that if you blacked out or something, if that happened, but he said there were[] no signs of that.

The deputy commissioner found that claimant did not prove that he suffered a compensable injury by accident arising out of and in the course of his employment as contemplated by the Act, and denied the claim. Upon a request for review by the full commission, the deputy commissioner's decision was affirmed. This appeal followed.

## II. Analysis

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989) (citation omitted). Unless the evidence carried that burden of proof as a matter of law, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

A claimant who suffers an unexplained accident on the job and cannot recall how the accident occurred is not entitled to the presumption that the injury arose out of his employment. Pinkerton's, Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991).[2] In an unexplained

---

[2] Claimant argued that the case at bar is similar to that of Specht v. Sisson Excavating, Inc., VWC File No. 188-93-26 (April 23, 1999). That workers' compensation case addresses an idiopathic condition that resulted in an accident. That opinion is non-binding on this Court and, therefore, we decline to consider it. Further, we do not address whether an idiopathic condition in an automobile accident is compensable. See Immer & Co. v. Brosnahan, 207 Va. 720, 152 S.E.2d 254 (1967); Virginia Dep't of Transp. v. Mosebrook, 13 Va. App. 536, 413 S.E.2d 350 (1992).

accident case in Virginia, a claimant must prove by a preponderance of the evidence that the accident "arose out of" the employment by establishing a causal connection between his or her employment and the accident. See PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 224, 468 S.E.2d 688, 692 (1996).

Claimant suggests that either his diabetic condition caused him to black out, or he fell asleep. However, he fails to provide any evidence that either of these conditions were causally connected to his employment. In fact, claimant's testimony supports neither of these theories. Claimant said he took his medication and that his doctor told him that his sugar level was fine. He also testified that he felt "fine" on the morning of the accident. He could not trace the accident to any condition or risk related to his employment.

### III. Conclusion

The record supports the commission's findings. In the absence of a showing that the injuries "arose out of" his employment, Byrd's claim for workers' compensation benefits must be denied. Based upon this record, we hold that claimant failed to prove as a matter of law that his injury arose out of his employment. Accordingly, we affirm the commission's decision to deny benefits.

Affirmed.