COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Senior Judge Annunziata
Argued at Alexandria, Virginia

SNELLING STAFFING/CHESAPEAKE AND
 ACE AMERICAN INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA

v.     Record No. 1462-18-4

APRIL 9, 2019

VINCENT EDWARDS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Faraaz A. Jindani (Scott C. Ford; Ford Richardson, PC, on briefs),
> for appellants.
>
> David L. Bayne, Jr. (Ashcraft & Gerel, LP, on brief), for appellee.


Vincent Edwards (claimant) injured his back while working for Snelling

Staffing/Chesapeake (employer). The Commission awarded claimant temporary total disability

benefits and medical benefits. Employer contests the award, asserting that claimant did not

prove that he sustained a compensable injury by accident arising out of his employment and that

claimant's willful violation of a known safety rule bars his receipt of compensation for the

alleged injury.[1] We affirm the Commission's ruling.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Employer also assigned as error the Commission's finding that claimant's "lower back condition subsequent to July 11, 2016 was causally related to the work accident." The issue was addressed by claimant's treating physician, Dr. Faisal Siddiqui, who determined that claimant's work-related injury exacerbated his pre-existing back condition, which required surgery to treat. The treating physician's diagnosis is entitled to great weight. See Imperial Trash Service v. Dotson, 18 Va. App. 600, 606 (1994).

Background

Claimant filed a claim on November 28, 2016, alleging a compensable injury by accident to his back on July 11, 2016. At the hearing before a deputy commissioner, claimant testified that while working for employer, he hurt his lower back at around 8:30 a.m., using a hand truck to move three boxes of computers into a school. Each box held twenty computers weighing about six pounds each. A co-worker, Alan Perkins, had assisted claimant in putting the boxes on the hand truck after another person had unloaded pallets of boxes from a truck. As claimant pulled on the hand truck to roll it back onto its wheels, the truck "almost fell backwards" onto him. He used his left leg to brace himself and felt a "pop" in his lower back. Claimant continued working[2] and told no one about the incident. He worked the next day, despite being in pain, and notified employer's staff recruiter around lunchtime that he thought that he "might have hurt [him]self." The following day claimant notified employer of his injury and sought medical treatment. The attending physician diagnosed claimant with a lumbar strain and excused him from work through July 18, 2016. Claimant returned to the doctor on July 21, 2016, and was excused from work for another week.

Claimant did not seek further medical treatment for his back until approximately six months later. He was examined in March 2017 by a spine specialist, an associate of Dr. Faisal Siddiqui, who had treated claimant for back problems in 2006-2007. Claimant said that he had experienced no back pain after his surgery in 2007 until the injury on July 11, 2016. Claimant was diagnosed with "lumbar region radiculopathy, low back pain and spondylosis," and he was restricted from working as of May 2, 2017. Dr. Siddiqui evaluated claimant on June 15, 2017, and concluded that his pre-existing back condition "was aggravated due to [his] accident" and

---

[2] After the boxes were moved inside the school, claimant installed software on the computers. Then the computers were repackaged and moved to another location in the building.

that his symptoms were "directly related to his work-related injury."  The doctor recommended a lumbar fusion procedure, which claimant underwent on August 16, 2017.

Dr. Donald Hope, a neurosurgeon, performed an independent medical examination of claimant on October 20, 2017.  Dr. Hope opined that claimant "sustained no permanent injuries or impairments as a result of the work-related injury of 7/11/16" and could return to his pre-injury job.  Dr. Hope disagreed that claimant's injury aggravated a pre-existing disc protrusion.  He further stated that claimant did not require lumbar fusion surgery in August 2017 to remedy "injuries claimed or actually sustained" on July 11, 2016, as the surgery was "solely related" to his pre-existing back condition.  Dr. Siddiqui responded to Dr. Hope's report, stating that "the clinical information available" established that claimant's need for his second surgery was due to his work-related injury.

The deputy commissioner issued an opinion awarding total disability benefits to claimant for twelve days in July 2016 and from May 2, 2017.  Claimant also was awarded medical benefits for his injury "for as long as necessary."  Employer requested a full review by the Commission.  The Commission affirmed the deputy commissioner's opinion on August 27, 2018.  This appeal follows.

Analysis

Under well-established principles, this Court construes the evidence in the record, and all reasonable inferences, in the light most favorable to claimant, as he prevailed below.  See Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 474 (2006).  "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding upon this Court."  VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230 (1997)).  "That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings."

Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4 (2000) (quoting Sneed v. Morengo, 19 Va. App. 199, 204 (1994)). Questions regarding "the causation, nature, and extent of disability" are issues of fact. United Airlines, Inc. v. Hayes, 58 Va. App. 220, 237 (2011).

The claimant must prove, by a preponderance of the evidence, that he sustained a compensable injury. See Va. Dep't of Transp. v. Mosebrook, 13 Va. App. 536, 537 (1992). The claimant must establish that an identifiable incident occurred at some reasonably definite time, resulting in an obvious sudden mechanical or structural change in his body that is causally connected to the incident. See Hoffman v. Carter, 50 Va. App. 199, 212 (2007).

Employer argues that claimant failed to prove that a compensable injury occurred because he could not recall specifically when the injury happened. Employer points to claimant's testimony at the hearing before the deputy commissioner that the injury occurred on July 11, 2016, "first thing in the morning" but, when asked for a specific time, replied, "around 8:15 and 8:30," and later said "around 8:30," "between 8:30 and 9 o'clock." In its summary of the evidence, the Commission credited claimant's testimony that the injury occurred "at the beginning of his shift, around 8:30 a.m." Employer also cites a medical report from March 2017 that indicated the injury occurred in "June or July." At the hearing, claimant denied making that statement. He further said that he had passed a physical examination on June 23, 2016, and had no injuries when he began working for employer on July 11, 2016. As further proof that claimant was not injured on the job, employer notes that claimant did not seek medical treatment for his alleged injury between July 2016 and March 2017. Claimant explained that he waited to seek treatment because he was hoping his condition would improve and he went to his own physician rather than one of employer's doctors because he "didn't trust them."

Employer contends that claimant's testimony was inconsistent with the testimony of his co-worker Perkins, employer's staff recruiter, and the owner of employer's franchise for which

claimant was working. Employer then contends that based on the inconsistencies in the evidence, the Commission could conclude that claimant's testimony was not credible. Employer also asserts that the Commission did not make a finding that claimant was more credible than the witnesses for employer.

The record belies this assertion, as nothing in the record indicates that either the deputy commissioner or full Commission found that claimant's testimony was not credible. The deputy commissioner determined that "[t]he record evidence as a whole supports the conclusion that [claimant's back injury] occurred while the claimant was at work during the early morning hours of July 11, 2016." The full Commission found that "the Deputy Commissioner afforded probative value to claimant's depiction of the incident and explanations for potential contradictions." It further found that "the medical record repeatedly substantiated the occurrence of an incident and a compensable injury." We conclude that credible evidence supports the Commission's finding that claimant established that he was injured on the morning of July 11, 2016, while working for employer.

Employer also argues that the Commission erred in awarding benefits to claimant because the injury was caused by his willful violation of a safety rule. See Code § 65.2-306(A)(5) (stating that an employee shall not be awarded compensation for an injury caused by "[t]he employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee . . ."). To prevail upon a defense of willful misconduct, an employer must establish that the safety rule was reasonable, for the employee's benefit, known to the employee, and intentionally violated by the employee. See Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 381 (1989). Employer's safety handbook stated that an employee should not lift more than forty pounds without assistance. Claimant was aware of the rule.

"The questions of whether or not a claimant has been guilty of willful misconduct and whether such misconduct was a proximate cause of the employee's accident are issues of fact." Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 350 (2015) (quoting Mills v. Virginia Elec. & Power Co., 197 Va. 547, 551 (1955)). The Commission's finding will be upheld if it is "supported by credible evidence." Id.

The Commission found that the safety rule did not apply to claimant because he "never contended that he injured his back while lifting boxes." Rather, claimant said that he was injured while maneuvering the hand truck on which the boxes had been loaded. Employer argues that claimant "lifted" the boxes when he tried to raise the wheels on the hand truck in order to move it. However, the record evidence supports the Commission's conclusion that claimant's actions in attempting to guide the hand truck did not constitute "lifting" in violation of employer's safety rule.

In sum, we agree with the Commission that claimant established that his injury arose out of his employment and that he is entitled to compensation for his work-related injury. We affirm the award of disability benefits and medical benefits to claimant.[3]

Affirmed.

---

[3] Employer's fourth assignment of error challenged the Commission's award of temporary total disability benefits. Although employer did not address the issue specifically in its briefs, we assume without deciding that the issue is subsumed within the assignments of error that employer did address.