**UNPUBLISHED**

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **5th** *day of* **November, 2019**.

Cynthia Colyer Allen,                                                                                             Appellant,

 against          Record No. 0275-19-2
                 Claim No. VA00001254534

County of Henrico Public Schools and
 Virginia Association of Counties Group Self-Insurance,                                    Appellees.

Upon a Petition for Rehearing

Before Chief Judge Decker, Judges Petty and Huff

On October 22, 2019 came the appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on October 8, 2019, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the mandate entered herein on October 8, 2019 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

Pursuant to Rule 5A:35(a), the respondent may file an answering brief within 21 days of the date of entry of this order. An electronic version of the brief shall be filed with the Court and served on opposing counsel.[1] In addition, four printed copies of the answering brief shall be filed.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:   *original order signed by a deputy clerk of the*
     *Court of Appeals of Virginia at the direction*
     *of the Court*

Deputy Clerk

---

[1] The guidelines for filing electronic briefs can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:   Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

UNPUBLISHED

CYNTHIA COLYER ALLEN

v.        Record No. 0275-19-2

COUNTY OF HENRICO PUBLIC SCHOOLS AND
  VIRGINIA ASSOCIATION OF COUNTIES GROUP
  SELF-INSURANCE

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
OCTOBER 8, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Norman A. Thomas (Jeffrey R. Allen; Norman A. Thomas, PLLC,
on briefs), for appellant.

Brian J. McNamara (Ford Richardson, PC, on brief), for appellees.

Cynthia Colyer Allen (claimant) argues on appeal that the functional capacity evaluation

and permanent partial disability rating used by Dr. Desai to form the basis of his opinion should be

ignored because it does not take into account her shoulder injury.  Accordingly, she argues that the

Commission erred in accepting the doctor's rating in its entry of the award for permanent partial

disability benefits for claimant.  For the following reasons, we disagree and affirm the decision of

the Commission.

I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"Under our standard of review, when we consider an appeal from the Commission's decision, we

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

must view the evidence in the light most favorable to the party who prevailed before the commission." K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1, 6 (2005).

Claimant experienced a compensable injury by accident arising out of and in the course and scope of her employment in 2016. The claim was accepted, and an award was entered, providing temporary total disability benefits and lifetime medical benefits for a left wrist fracture. Claimant returned to work with the employer at a wage equal to or greater than the pre-injury average weekly wage, and claimant's temporary total disability benefits were then terminated by agreement of the parties.

Claimant filed claims for benefits in May 2017 and September 2017, seeking to add claimant's left radius, left wrist, and left shoulder as compensable body parts. The parties agreed to add the left radius, left wrist, and left shoulder as accepted body parts. Specifically, the parties agreed that claimant sustained a "left frozen shoulder" as a compensable consequence of her 2016 work accident. Employer agreed to pay the claimed medical expenses associated with the left frozen shoulder and reimburse claimant and her medical insurer for the same. This agreement resolved the issues raised in the claims for benefits filed in May and September. A stipulated order memorializing this agreement was entered by the Commission in October 2017.

Claimant underwent a functional capacity evaluation (FCE) and permanent partial disability (PPD) rating in October 2017. The report of that FCE and PPD rating was endorsed by the treating physician, Dr. Desai. The PPD rating provided for a 2% permanent impairment of claimant's left upper extremity—that is, her arm.

Employer sought to enter a revised award agreement for PPD based on the PPD rating, but claimant refused to sign it. Therefore, employer requested a hearing pursuant to Code §§ 65.2-702 (failure to reach agreement) and 65.2-708 (change in condition), in order to resolve the issue of claimant's entitlement to PPD benefits. At the hearing, employer entered claimant's

medical designation report as well as the FCE into evidence. Claimant testified and entered into evidence a document from the "OrthoInfo" website, which generally discussed distal radial fractures. No additional evidence was presented by claimant regarding any permanent impairment to her shoulder.

Following the hearing, the deputy commissioner entered an award for PPD based on the 2% rating to claimant's left upper extremity. The full Commission affirmed the deputy commissioner's ruling. This appeal followed.

## II. ANALYSIS

Claimant argues that employer failed to meet the burden of proof that claimant had a 2% permanent partial impairment rating to her left upper extremity. Claimant argues that the FCE and PPD rating used by Dr. Desai to form the basis of his opinion should be ignored because it does not take into account her shoulder injury. Accordingly, she argues that the Commission erred in accepting the doctor's rating in its entry of the award for PPD benefits for claimant. We disagree.

## A. Burden of Proof

Before discussing the decision of the Commission, we must address the appropriate burden of proof in a workers' compensation claim. It is fundamental that when seeking benefits under the Workers' Compensation Act, a claimant always bears the burden of proof.

> The burden of proving a case beyond speculation and conjecture is on claimant. This means that claimants must establish the employment relationship, the work-connection of their injuries, the causal relationship between a work connected injury and their disabilities, the extent of their disabilities, and all the other facets of their claims by a preponderance of the evidence[.]

12 Arthur Larson et al., Larson's Workers' Compensation Law § 130.06(3)(a) (2019). See Virginia Dep't of Transp. v. Mosebrook, 13 Va. App. 536, 537 (1992) ("The burden [of proof] is upon a *claimant* to prove by a preponderance of the evidence that he sustained a compensable injury" which requires proof of an accident and an injury caused by that accident. (emphasis

- 3 -

added)); Williams v. Auto Brokers, 6 Va. App. 570, 571-72 (1988) ("One seeking compensation retains the burden of proving by a preponderance of the evidence that he sustained a compensable injury.").

Before the Commission and on appeal to this Court, both parties took the position that, as the party requesting a hearing, employer bore the burden of proof. However, the assignment of the burden of proof is a purely legal question. Mulford v. Walnut Hill Farm Group, 282 Va. 98, 111 (2011). Furthermore, while a party can concede the facts, we are not bound by a concession of law. "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal." Logan v. Commonwealth, 47 Va. App. 168, 172 (2005) (*en banc*). Thus, despite employer's acceptance of the burden of proof, we will evaluate the decision of the Commission recognizing that claimant bore the burden of proving her entitlement to PPD compensation.

## B. Compensable Injury

The Commission did not err in accepting the doctor's rating in its entry of the award for PPD benefits for claimant. Claimant did not offer medical evidence that she was entitled to more than a 2% impairment rating for her injured arm and accordingly failed to meet the burden of proof to establish compensable injury and PPD beyond what was outlined in the FCE.

"[I]n order to obtain benefits under Code § 65.2-503 for the loss of use of a particular body member, claimant must establish that [s]he has achieved maximum medical improvement and that [her] functional loss of capacity be quantified or rated." Cafaro Const. Co. v. Strother, 15 Va. App. 656, 661 (1993). "By statute, the commission's award is conclusive and binding on this Court as to all questions of fact when those findings are based on credible evidence." K & K Repairs, 47 Va. App. at 6; Code § 65.2-706. Furthermore, "the existence of 'contrary evidence . . . in the record is of no consequence if credible evidence supports the commission's finding.'" Id. (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229 (1991)).

- 4 -

Here, the Commission's award was based on credible evidence. Dr. Desai adopted the findings of the FCE, establishing that claimant suffered a 2% permanent disability attributable to the compensable accident and that claimant reached maximum medical improvement. The only "contrary evidence" claimant offered was a document from the "OrthoInfo" website, which only generally discussed distal radial fractures and was not specific to claimant's condition. Specifically, claimant offered no evidence that she suffered a permanent impairment in excess of the 2% rating set out in the FCE. The Commission did not err in holding that this "contrary evidence" was of no consequence because credible evidence supports the Commission's finding. See id.

The FCE and impairment summary include consideration of claimant's shoulder along with her hand, wrist, and elbow. Notably, the FCE references multiple instances of claimant's report of pain or stiffness in her left shoulder while performing certain tests/exercises for the evaluation. Despite all these notations, Dr. Desai signed the evaluation, agreeing with the impairment rating of "N/A"—that is, no applicable impairment rating—for claimant's shoulder and 2% for claimant's wrist.[1] Additionally, Dr. Matthew Walker, the orthopedic surgeon treating claimant's shoulder, did not provide an opinion contradicting Dr. Desai's opinion. Simply put, it was claimant's burden to establish any permanency rating beyond 2% maximum medical improvement, and she failed to do so. Accordingly, based on the evidence presented to it, the Commission did not err in holding that Dr. Desai's opinion was founded on a complete assessment of claimant's permanent partial impairment to her left arm. The Commission's award was based on uncontradicted credible evidence—the medical evidence before the

---

[1] To the extent that the notation "N/A" regarding claimant's shoulder injury is ambiguous, it was, as discussed above, claimant's burden to establish that the FCE was deficient. This she did not do. Furthermore, to the extent the Commission concluded that his notation meant that claimant did not have any residual impairment to her shoulder, that conclusion constitutes a factual finding to which we must defer.

Commission established that claimant had reached maximum medical improvement and suffered 2% permanent partial impairment to her left arm.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

<u>Affirmed.</u>